[Crim. No. 1217. Fourth Dist. Mar. 19, 1958.]

THE PEOPLE, Respondent, v. WOODROW PORTER, Appellant.

A. A. George, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

552

BARNARD, P. J.—The appellant and one Dennis were jointly charged with armed robbery in that on October 29, 1955, while armed with a shotgun and a pistol, they robbed one Albert Walker. The appellant was also charged with a prior conviction of a felony. Each pleaded not guilty and the appellant admitted the prior conviction. A jury found each of them guilty of robbery in the first degree, and a notice of appeal from the judgment was filed by this appellant.

The attorney who represented the appellant at the trial was appointed by this court to represent him on this appeal. With the permission of the court he has filed a report in lieu of a brief, in which he states that the appellant has not suggested any grounds of appeal, although requested several times to do so, and that after carefully examining the entire record he has been unable to find any meritorious ground for argument. The report contains a full and fair review of the evidence, of the rulings on the admission of evidence, and of the instructions to the jury.

After reading the entire record we agree with counsel's conclusion that no reversible error appears, and that the evidence was sufficient to support the judgment. It appears from the undisputed evidence that Mr. Walker, a labor contractor, was employed on the O'Neill ranch; that on the day in question, a pay day, he picked up the payroll including over $1,000 in cash at the ranch office; that he put a paper bag containing this money under the seat of his pickup truck, and started for a camp to pay the workers waiting there; that he stopped at a store on the way, and there the codefendant Dennis asked him for a ride; that Dennis got into the truck, sitting on the right side, and Walker drove toward the camp; and that as they neared the camp the appellant walked out of some trees and Dennis slammed his foot on the brake, almost causing a wreck. As the truck came to a halt Dennis pointed a pistol at Walker, and at the same time the appellant opened the truck door and put a shotgun against Walker. Dennis said "Don't shoot him. I've got him covered." The appellant then told Walker to move over, and he got behind the wheel. Dennis kept the pistol on Walker while the appellant drove about a mile and then off the road and behind a thick clump of trees. The appellant then told Walker to get out, and proceeded to tie him to a tree. The appellant took Walker's wallet, Dennis found and took the bag containing the money, and the two then ran away. Walker got himself untied in about 30 minutes, the matter was at once reported, and a deputy sheriff immediately investigated.

Walker positively identified the appellant as one of the men who robbed him. Another witness testified that on his way to this store he saw a man, sufficiently identified as the appellant, pacing up and down the road; that as he was leaving the store Dennis asked him for a ride and got in his car; that Dennis then saw Walker drive up to the store, and got out saying that Walker was the man he wanted to see; and that as he was driving back to camp he saw the same man waiting at the same place. The appellant did not take the stand, and no evidence was introduced in his behalf except the testimony of four alibi witnesses who testified to the effect that the appellant was in Los Angeles on the afternoon of October 29. Not only did this present merely a question of fact, but the testimony of these witnesses fully discloses why it was not accepted by the jury.

The evidence was amply sufficient to support the verdict and judgment, the jury was fully and fairly instructed as to the law, and neither error nor prejudice appears in the record.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.